**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION TO WITHDRAW GUILTY PLEA** |
| vs. | ) | **AND FOR A NEW TRIAL** |
| | ) | |
| Francis Merle Baker, Jr., a/k/a | ) | Case No. 4:10-cr-006 |
| Chico, | ) | |
| | ) | |
| Defendant. | ) | |

_____

Before the Court is Defendant Francis Merle Baker, Jr.'s "Rule 33 Motion to Allow Withdrawal of Guilty Plea and for a New Trial" and a motion for an evidentiary hearing filed on May 13, 2011. See Docket Nos. 37 and 39. The Government filed a response in opposition to the motions on May 20, 2011. See Docket No. 40. For the reasons explained below, Baker's motions are denied.

**I.  BACKGROUND**

On January 13, 2010, Francis Baker was indicted for aggravated sexual abuse of a child in violation of 18 U.S.C. §§ 1153 and 2241(c). See Docket No. 1. The indictment alleges that Baker

> knowingly engaged in and attempted to engage in a sexual act, that is, contact between the penis and the vulva, the penis and the anus, and penetration of the genital opening by finger, with C.B., a child who had not attained the age of 12 years, with an intent to abuse, arouse, and gratify the sexual desire of any person.

See Docket No. 1.

Baker and the Government entered into a formal plea agreement on May 7, 2010. See Docket No. 25. Paragraph 6 of the plea agreement explains:

>       Defendant will plead guilty because defendant is in fact guilty of the charge.
> In pleading guilty the defendant acknowledges that:
>
>> From in or about September, 1995, to in or about August, 2002, in the District of North Dakota, in Indian country, the Defendant, an Indian, knowingly engaged in and attempted to engage in a sexual act, that is, contact between the penis and the vulva and penetration of the genital opening by finger, with C.B., a child who had not yet attained the age of 12 years; with an intent to abuse, arouse, and gratify the sexual desire of any person.

See Docket No. 25.

Baker pled guilty to the charge on May 18, 2010. See Docket No. 29. During the change of plea hearing, the Court engaged in the following dialogue with Baker:

> Q.    Okay. Then let's talk about paragraph six. Before any judge can accept a plea of guilty from you, I need to make sure that there [are] facts in this case that you agree to that would support finding you guilty if these facts were presented to a jury that would support them finding you guilty of this offense. Paragraph six is designed to outline what those facts are. When you sign the plea agreement, you are essentially telling me that you have reviewed paragraph six and you agree that the facts contained in that paragraph are accurate. Do you agree to that?
>
> A.    Yeah.
>
> Q.    And tell me where this took place and approximately when it took place.
>
> A.    I don't remember when it happened.
>
> Q.    Well, did it happen between September of '95 and August of 2002?
>
> A.    Yeah.
>
> Q.    And do you remember where this happened? Was it in Belcourt? Was it in New Town? Was it in Fort Yates?
>
> A.    Belcourt.
>
> Q.    Okay. And tell me who "CB" is. A relative? A friend? A cousin?
>
> A.    It's supposed to be an adopted sister.

2

. . . .

        A.        I probably went back to Belcourt and visited a couple times – or three.

        Q.        And that's when this would have happened?

        A.        Yeah, probably.

. . . .

        Q.        All right. And this sexual contact occurred in whose home – Kim's?

        A.        Yeah, that was it.

See Docket No. 42, pp. 28-31.  The Court also asked, "Did you admit to a law enforcement officer that you had sex with [C.B.] on one occasion?" and Baker replied, "Yes."  See Docket No. 42, p. 34.

After Baker pled guilty the Court explained:

> The Court does accept your plea of guilty.  I find that you are a competent and capable individual who understands what you've been charged with and what the consequences are under federal law.  I find, Mr. Baker, that you have entered a knowing and voluntary plea, that you have been afforded a reasonable opportunity of time to visit with your attorney to discuss this case, the plea agreement, the Sentencing Guildelines, and the consequences of pleading guilty.
>
> I also find that there are sufficient facts that would support finding you guilty of this offense, and these are facts that you have agreed to in paragraph six of the plea agreement and have agreed to here today.  So I accept your plea under the circumstances.

See Docket No. 42, p. 36.

The Presentence Investigation Report ("PSR") includes the following description of the conduct underlying the charge:

> 6.      On August 5, 2002, a 10-year-old female who will be identified as C.B. told her biological mother, Stacie LaFromboise, and a friend, Karen Gourneau, that while she was residing with her adoptive mother, Kim Bercier, Francis

        Baker Jr. sexually abused her, allegedly having full intercourse with C.B. on more than one occasion at the Bercier home over the preceding year of 2001. . . .

7.         During the forensic interview with C.B., she advised that while living with her step mom, Francis "Chico" Baker was babysitting her. C.B. went to take a nap on her mom's waterbed and Chico later came into the room and got on top of C.B. and took her clothes off. C.B. began to scream and kick him during which time Chico had his shirt off and pants and underwear halfway down. He threatened C.B. not to tell anyone or he would slap her. The defendant then began to touch the victim's private parts and forcing her to touch his, but the victim would not do it. He then touched her butt and when she fought, he slapped her. He also tried kissing her inside her mouth. C.B. indicated he touched her privates outside; however, when talking to her later about the bleeding and sticky stuff coming out, she stated that he put his private in her. She stated this occurred when she was four or five years of age. Further, she indicated there were several other times when she was taking a nap that he would get on top of her when his clothes were on and he would just move up and down. . . .

. . . .

9.         . . . . During the post-test interview, the defendant did confess that he did have sex with C.B. one time two or three years before this interview. He indicated the victim was flirting with him and they later took off their clothes and he got on top of her and they had sex. He further noted that he was on top the whole time and she was moving around and moaning. He reported the sex lasted about two or three minutes and that he wore a condom and ejaculated while they were having sex.

See Docket No. 32, pp. 4-5. Baker's attorney advised the probation officer that prepared the PSR that he had no objections to the report's contents. See Docket No. 32, p. 15. During Baker's sentencing hearing, the Court adopted the factual findings set forth in the PSR. See Docket No. 43, p. 29. Baker was sentenced on August 23, 2010 to 180-months imprisonment, followed by 120-months of supervised release. See Docket No. 35. Neither party filed an appeal after the sentence was imposed.

On May 13, 2011, Baker filed a motion to withdraw his guilty plea and for a new trial. See Docket No. 37. Baker filed a handwritten notarized statement from C.B. dated March 22, 2011, stating the following:

> My name is [C.B.] I am 19 year old and I want to tell you guys that I was pushed into doing all this my mother Stacie Shipman brainwashed me into thinking that Chico really did all this to me. I only remember going to bismarck but I don't remember way. I wanted to let it all go but ma wouldn't let me. And when the FBI came to my house my ma did all the talking and I just agreed with her. And also my mom has a lot of mental disorders and I did some thinking the dates she said do not mach up. She is pshitco.

See Docket No. 37-1 (errors in original). Baker contends that the Court should allow him to withdraw his guilty plea based on actual innocence. He requests an evidentiary hearing to determine if C.B.'s recantation is credible. The Government contends that Rule 33 of the Federal Rules of Criminal Procedure does not apply because Baker did not have a trial. The Government further argues that Baker's motion should be denied because the Court lacks the authority to permit Baker to withdraw his guilty plea under Rule 11 of the Federal Rules of Criminal Procedure.

## II.     LEGAL DISCUSSION

### A.     MOTION TO WITHDRAW GUILTY PLEA

Rule 11(d) and (e) of the Federal Rules of Criminal Procedure details when and how a guilty plea may be withdrawn:

> (d) Withdrawing a Guilty or Nolo Contendere Plea. A defendant may withdraw a plea of guilty or nolo contendere:
>
>> (1) before the court accepts the plea, for any reason or no reason; or
>>
>> (2) after the court accepts the plea, but before it imposes sentence if:
>>
>>> (A) the court rejects a plea agreement under Rule 11(c)(5); or

>   >   (B) the defendant can show a fair and just reason for requesting the withdrawal.
>
>   (e) Finality of a Guilty or Nolo Contendere Plea. After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack.

Fed. R. Crim. P. 11(d) and (e).

In United States v. Reyes-Contreras, 349 F.3d 524 (8th Cir. 2003), the Eighth Circuit Court of Appeals affirmed a district court's dismissal of the defendant's motion to withdraw his guilty plea "because it was filed after sentence was imposed." Reyes-Contreras, 349 F.3d at 525 (citing Fed. R. Crim. P. 11(e)). The plain language of Rule 11(e) dictates that Baker cannot withdraw his guilty plea by motion. He can set aside his guilty plea only through appeal or a motion to vacate sentence filed under 28 U.S.C. § 2255. See Good Bird v. United States, 752 F.2d 349, 351 (8th Cir. 1985) (explaining that a motion under 28 U.S.C. § 2255 is the proper way to collaterally attack a guilty plea). Accordingly, Baker's motion to withdraw his guilty plea is denied.

The Court notes that Baker had numerous opportunities to maintain his innocence, but instead admitted his guilt. Baker signed a plea agreement in which he admitted to committing the crime of aggravated sexual abuse of a minor. See Docket No. 25. Baker admitted to the offense and answered specific questions regarding the offense during his change of plea hearing on May 18, 2010. He did not object to the factual basis for the offense detailed in the Presentence Investigation Report. See Docket No. 32. Baker does not contend that his plea was coerced or otherwise involuntary. He presents C.B.'s statement and asserts that he should be allowed to withdraw his guilty plea based on actual innocence. See Docket No. 37. The Court finds that C.B.'s statement alone is not sufficient to call into doubt Baker's prior admissions and his guilty plea.

### B.     MOTION FOR A NEW TRIAL

Rule 33(a) of the Federal Rules of Criminal Procedure provides as follows:

> Defendant's Motion. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.

Fed. R. Crim. P. 33(a). A trial court has broad discretion in deciding whether to grant a new trial. United States v. Walker, 393 F.3d 842, 848 (8th Cir. 2005). The Eighth Circuit has made it clear that "[m]otions for new trial are generally disfavored and will only be granted where 'a serious miscarriage of justice may have occurred.'" United States v. Rice, 449 F.3d 887, 893 (8thCir. 2006) (citations omitted).

In United States v. Graciani, 61 F.3d 70 (1st Cir. 1995), the First Circuit Court of Appeals explained:

> By its express terms, Rule 33 is confined to those situations in which a trial has been had. In the court below, appellant *admitted* his guilt, abjuring a trial. A defendant who enters a guilty plea cannot thereafter use Rule 33 as a wedge to undo his acknowledgment that he committed the offense.

Graciani, 61 F.3d at 78 (emphasis in original) (citing United States v. Collins, 898 F.2d 103, 104 (9th Cir. 1989) (per curiam); United States v. Lambert, 603 F.2d 808, 809 (10th Cir. 1979); United States v. Prince, 533 F.2d 205, 208 (5th Cir. 1976); Williams v. United States, 290 F.2d 217, 218 (5th Cir. 1961) (per curiam); 3 Charles A. Wright, Federal Practice and Procedure § 556, at 313 (2d ed. 1982)). In this case Baker admitted his guilt. Therefore, Rule 33 is inapplicable. Accordingly, Baker's motion for a new trial is denied.

## III.     CONCLUSION

The Court has carefully considered the entire record, the parties' briefs, and relevant case law. The Court finds that Rules 11 and 33 of the Federal Rules of Criminal Procedure are improper vehicles for Baker to challenge his guilty plea and sentence. Baker's "Rule 33 Motion to Allow Withdrawal of Guilty Plea and for a New Trial" (Docket No. 37) and Motion for Hearing (Docket No. 39) are **DENIED**. The Court notes that the time for Baker to file an appeal after sentence was imposed on August 23, 2010, has long expired. See Fed. R. App. P. 4(b)(1)(A) (requiring a notice of appeal to be filed within 14 days of the entry of judgment). If Baker wishes to set aside his guilty plea the proper vehicle to do so is to file a motion to vacate his sentence under 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

Dated this 7th day of June, 2011.

/s/  Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court