**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION TO VACATE** |
| vs. | ) | |
| | ) | Case No. 4:10-cr-006 |
| Francis Merle Baker, Jr., | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is defendant Francis Merle Baker, Jr.'s "Motion to Vacate Pursuant 28 U.S.C. § 2255" filed on October 11, 2011. See Docket No. 64. The Court ordered the Government to respond to the motion on October 14, 2011. See Docket No. 65. The Government filed a response in opposition to the motion on December 8, 2011. See Docket No. 66. Baker filed a reply brief on April 2, 2012. See Docket No. 70. For the reasons explained below, the motion is denied.

**I.     BACKGROUND**

On January 13, 2010, Francis Baker was indicted on one count of aggravated sexual abuse of a child. See Docket No. 1. Baker pled guilty to the charge on May 18, 2010. See Docket No. 29. Baker was sentenced on August 23, 2010, to 180-months imprisonment, followed by 120-months of supervised release. See Docket No. 35. Neither party filed an appeal after the sentence was imposed.

On May 13, 2011, Baker filed a motion to withdraw his guilty plea and requested a new trial. See Docket No. 37. The Court denied the motion on June 7, 2011. See Docket No. 46. Baker then filed a motion to stay the Court's order and a notice of appeal on June 21, 2011. See Docket Nos. 49 and 52. The Court denied the motion to stay as moot on July 12, 2011. See Docket No. 51.

On August 25, 2011, Baker filed a "Motion to Vacate Pursuant 28 U.S.C. § 2255." See Docket No. 57. The Court denied the motion on August 31, 2011, finding that it did not have jurisdiction due to the pending appeal. See Docket No. 58. On September 15, 2011, the Eighth Circuit Court of Appeals granted Baker's motion to dismiss his appeal. See Docket Nos. 60 and 61.

On September 19, 2011, Baker filed a "Motion to Recall Mandate and Initiate Section 2255 proceeding," requesting that his previous petition under 28 U.S.C. § 2255 be re-filed. See Docket No. 62. On October 11, 2011, the Court granted the motion and ordered the Clerk of Court's office to re-file Baker's petition. See Docket No. 63. Baker's "Motion to Vacate Pursuant 28 U.S.C. § 2255" was re-filed on October 11, 2011. See Docket No. 64.

Baker contends he is actually innocent of the crime to which he pled guilty and that he received ineffective assistance of counsel. Baker claims that his defense counsel "was ineffective for failing to investigate the law, the witnesses and circumstances before coercing him to plead guilty under threats of a very lengthy sentence and making certain family members testify." See Docket No. 64. Baker also contends that his defense counsel did not question any of his family or friends in preparation for the sentencing hearing. Baker contends he is actually innocent based on the notarized statement of the victim in this case, C.B. See Docket No. 37-1. Baker also contends his sentence was not reasonable based on the sentencing factors set forth in 18 U.S.C. § 3553(a). Baker has requested an evidentiary hearing.

The Government contends that Baker has not shown that he received ineffective assistance of counsel because he has not established that he was prejudiced by his defense counsel's performance. Specifically, the Government argues that Baker has not shown what additional arguments or evidence his attorney would have uncovered through a more diligent investigation.

2

The Government also notes that Baker stated during his change of plea hearing that his plea was voluntary, that he had not been promised or guaranteed anything, and he admitted he was guilty of the crime.

## II. LEGAL DISCUSSION

### A. INEFFECTIVE ASSISTANCE OF COUNSEL

A federal prisoner can move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). "The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. To establish a claim for ineffective assistance of counsel, a § 2255 movant must demonstrate that counsel's representation was deficient and that he suffered prejudice as a result." Theus v. United States, 611 F.3d 441, 446 (8th Cir. 2010) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).

Deficient performance exists when the attorney's performance "falls below the 'range of competence demanded of attorneys in criminal cases.'" Id. (quoting Strickland, 466 U.S. at 687). An objective standard of reasonableness is the test to apply for deficiency of performance. Marcrum v. Luebbers, 509 F.3d 489, 502 (8th Cir. 2007) (citing Strickland, 466 U.S. at 688). Several factors are used to determine reasonableness: "we must assess reasonableness on all the facts of the particular case, we must view the facts as they existed at the time of counsel's conduct, and we must evaluate counsel's performance with a view to whether counsel functioned to assure adversarial testing of the [Government's] case." Id. (citing Strickland, 466 U.S. at 690). The defendant bears the burden of proving "his attorney's representation was unreasonable under prevailing professional norms and that

the challenged action was not sound strategy." Id. (quoting Kimmelman v. Morrison, 477 U.S. 365, 384 (1986)). Because of the inherent difficulties in evaluating defense counsel's conduct at the time of performance, there is a strong presumption that counsel's performance is reasonable and "might be considered sound trial strategy." Strickland, 466 U.S. at 689.

If the defendant can show his defense counsel's representation was deficient, he must then show that the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. The defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

The standard set forth in Strickland requires that judicial scrutiny of defense counsel's performance be highly deferential. "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Strickland, 466 U.S. at 689.

The threshold issue before the Court is whether defense counsel's performance at any stage of the criminal proceedings was deficient and whether such deficiency prejudiced Baker's defense. Cumulative error by defense counsel will not justify habeas relief because each ineffective assistance of counsel claim must stand or fall on its own. Scott v. Jones, 915 F.2d 1188, 1191 (8th Cir. 1990).

### 1) PRESENTENCE INVESTIGATION REPORT

Baker contends that his defense counsel did not give him an opportunity to review the Presentence Investigation Report ("PSR") prior to his sentencing hearing. Baker states:

4

> In the instant case not only did counsel not question any family or friends of Baker, he completely bypassed Baker of the presentence investigation and reports. Baker was prejudiced as he had no opportunity to object to any inaccuracies contained in the report and be heard by the court on such unsolved objections.

See Docket No. 64.

During the sentencing hearing, Baker and his defense counsel engaged in the following discussion with the Court:

> THE COURT: Mr. Baker, have you had a chance to review the Presentence Investigation Report?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: And you've discussed that, reviewed it with your attorney?
>
> THE DEFENDANT: Yep.
>
> THE COURT: And, Mr. Schmitz, you've run through that and reviewed that report with Mr. Baker?
>
> MR. SCHMITZ: Yes, Your Honor. I have discussed it with Mr. Baker and his wife, both.
>
> . . .
>
> THE COURT: Okay. Any objections that you wish to note concerning the contents of the Presentence Report, Mr. Schmitz?
>
> MR. SCHMITZ: No, sir.

See Docket No. 43, pp. 4-5.

Baker's statements in his habeas petition directly contradict the answers he gave the Court at the sentencing hearing. The Court finds Baker's responses to questions during the sentencing hearing to be credible. The Court further finds that Baker's self-serving statements in his habeas

petition do not establish that his defense counsel failed to review the PSR with him. The Court finds that Baker has not shown that his defense counsel's performance was deficient.

### 2) <u>INVESTIGATION</u>

Baker contends that his defense counsel's assistance was ineffective because he failed to adequately investigate the facts and law. Baker states, "Had counsel investigated previously he may have found C.B.'s mother to be mentally unstable and very vindictive. That revelation could have led to his investigating mom's influence over C.B. C.B. may have revealed inconsistencies or spoke up at that time the words in her March 22, 2011 recantation." See Docket No. 64.

In <u>Hill</u>, the United States Supreme Court discussed the evidence necessary to establish prejudice when a defendant has pled guilty:

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.

<u>Hill</u>, 474 U.S. at 59.

The only evidence Baker alleges would have been discovered by a more thorough investigation is the mental state of C.B.'s mother and C.B.'s statement. The Court previously addressed the statement provided by C.B. in its order denying Baker's motions to withdraw his guilty plea and for a new trial. See Docket No. 46. The Court found "that C.B.'s statement alone is not sufficient to call into doubt Baker's prior admissions and his guilty plea." See Docket No. 46.

6

The Court also notes that Baker has failed to cite to any specific evidence that he alleges would be found as a result of a further investigation. The Court finds that Baker has failed to sustain his burden of showing that he was prejudiced by defense counsel's allegedly insufficient investigation.

### 3) **COERCION**

Baker also contends that his defense counsel coerced him into pleading guilty. During the change of plea hearing, Baker engaged in the following colloquy with the Court:

> Q. When you decide to enter a plea of guilty here this afternoon, you're going to be giving up your right to a jury trial. Do you understand that?
>
> A. Yeah.
>
> Q. You're going to be giving up your right to present a defense to this charge. Do you understand that, as well?
>
> A. Yes.
>
> Q. In making that decision to plead guilty to this offense, have you been forced or threatened or intimidated by anyone?
>
> A. No.
>
> Q. Have you been promised or guaranteed anything, such as a guaranteed sentence, by pleading guilty?
>
> A. No.
>
> Q. You are making a decision to do that voluntarily?
>
> A. Yeah.
>
> Q. With the assistance of your attorney?
>
> A. Yes.
>
> Q. Okay. Do you have any questions about what your constitutional rights involve?

   A. No.

. . .

   THE COURT: Okay. All right.

  Mr. Baker, I'm simply going to ask how you plead to this charge. I'm going to read it to you and then I'm going to ask how you plead, guilty or not guilty.

  The charge that's been brought against you in Federal Court is entitled "Aggravated Sexual Abuse of a Child." The charge states that from in or about September 1995 to in or about August 2002, in the District of North Dakota, in Indian Country, and within the exclusive jurisdiction of the United States, Francis Merle Baker, Jr., an Indian, knowingly engaged in and attempted to engage in a sexual act; that is, contact between the penis and the vulva, the penis and the anus, and penetration of the genital opening by finger, with CB, a child who had not attained the age of 12 years, with an intent to abuse, arouse and gratify the sexual desire of any person, in violation of federal law.

  To that charge, sir, how do you plead, guilty or not guilty?

  THE DEFENDANT: Guilty.

  THE COURT: The Court does accept your plea of guilty. I find that you are a competent and capable individual who understands what you've been charged with and what the consequences are under federal law. I find, Mr. Baker, that you have entered a knowing and voluntary plea, that you have been afforded a reasonable opportunity of time to visit with your attorney to discuss this case, the plea agreement, the <u>Sentencing Guidelines</u>, and the consequences of pleading guilty.

  I also find that there are sufficient facts that would support finding you guilty of this offense, and these are facts that you have agreed to in paragraph six of the plea agreement and have agreed to here today. So I accept your plea under the circumstances.

<u>See</u> Docket No. 42, pp. 26, 35-36.

  Baker's self-serving statements in his habeas petition directly contradict his responses to questions at the change of plea hearing. The Court finds that the responses provided by Baker

during the change of plea hearing are credible. The Court further finds that Baker has failed to establish that his guilty plea was in any manner involuntary or coerced.

### B. ACTUAL INNOCENCE

Baker contends that his sentence should be vacated because he is actually innocent of the crime to which he has pled guilty and been sentenced. In order for a petitioner to establish actual innocence, he "must present new reliable evidence that he was innocent of the crime of which he was convicted." Storey v. Roper, 603 F.3d 507, 524 (8th Cir. 2010) (citing House v. Bell, 547 U.S. 518, 537 (2006)). New evidence is evidence "that was not available at trial." Id. (quoting Nance v. Norris, 392 F.3d 284, 291 (8th Cir. 2004)).

Baker has failed to present any new evidence of his innocence other than C.B.'s statement. The Court addressed C.B.'s statement and Baker's prior admissions in the order denying Baker's post-sentencing motions to withdraw his guilty plea and for a new trial:

> The Court notes that Baker had numerous opportunities to maintain his innocence, but instead admitted his guilt. Baker signed a plea agreement in which he admitted to committing the crime of aggravated sexual abuse of a minor. See Docket No. 25. Baker admitted to the offense and answered specific questions regarding the offense during his change of plea hearing on May 18, 2010. He did not object to the factual basis for the offense detailed in the Presentence Investigation Report. See Docket No. 32. Baker does not contend that his plea was coerced or otherwise involuntary. He presents C.B.'s statement and asserts that he should be allowed to withdraw his guilty plea based on actual innocence. See Docket No. 37. The Court finds that C.B.'s statement alone is not sufficient to call into doubt Baker's prior admissions and his guilty plea.

See Docket No. 46. The Court maintains these conclusions and finds that C.B.'s statement does not establish Baker's actual innocence. Therefore, Baker's habeas petition is denied.

### III. CONCLUSION

The Court has carefully reviewed the entire record, the parties' briefs, and relevant case law. Baker's "Motion to Vacate Pursuant 28 U.S.C. § 2255" (Docket No. 64) is **DENIED**. Based upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, nor otherwise deserving of further proceedings. Therefore, a certificate of appealability will not be issued by this Court. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997) (finding that a district court possesses the authority to issue certificates of appealability under Section 2253(c)). If Baker desires further review of his petition, he may request the issuance of a certificate of appealability from a circuit judge of the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Dated this 10th day of April, 2012.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court